WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:   Brian S. Masumoto, Esq.
       Trial Attorney

HEARING DATE: June 24, 2015 (11:00 am)
OBJECTIONS: June 19, 2015 (4:00 pm)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re

God's Chariots To The Heavenly Highway,

                          Debtor.
---------------------------------------------------------x

Case No. 15-11134 (MG)

(Chapter 11)

# NOTICE OF MOTION:

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") will move this Court before the Honorable Martin Glenn, United States Bankruptcy Judge, in the United States Bankruptcy Court, 1 Bowling Green, New York, New York 10004 on **June 24, 2015, at 11:00 a.m.**, or as soon thereafter as counsel can be heard, for an order dismissing this Chapter 11 case, or alternatively, converting the case to one under Chapter 7, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE,** that objections or other responses, if any, to the motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) (d) be submitted in hard-copy form

directly to the Chambers of the Honorable Martin Glenn, and (e) be served upon the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Brian S. Masumoto), no later than the objection date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
      May 20, 2015

                                                WILLIMA K. HARRINGTON
                                                UNITED STATES TRUSTEE

**By:**   **/s/ Brian S. Masumoto**
            Brian S. Masumoto, Trial Attorney
            201 Varick Street – Suite 1006
            New York, New York 10014
            Tel. No. (212) 510-0500
            Fax. No. (212) 668-2255

WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Department of Justice
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. (212) 510-0500
By:    Brian S. Masumoto, Esq.
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
In re                                                  :    Chapter 11
                                                       :
God's Chariots To The Heavenly Highway,                :    Case No. 15-11134 (MG)
                                                       :
                        Debtor.                        :
                                                       :
-------------------------------------------------------X

## MOTION FOR AN ORDER TO DISMISS THIS CHAPTER 11 CASE

TO: THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

  William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), does hereby move this Court (the "Motion") pursuant to section 1112(b) of the Bankruptcy Code for entry of an order dismissing this chapter 11 case. In support of the Motion, the United States Trustee respectfully alleges as follows:

### I. PRELIMINARY STATEMENT

  The United States Trustee moves to convert or dismiss this chapter 11 case for two reasons. First, God's Chariots To The Heavenly Highway (the "Debtor") is a corporation that has not retained counsel. Without counsel, a corporation cannot appear in this court.

1

Second, the Debtor has failed to file schedules, statements, and other documents required of all chapter 11 debtors. Therefore, the Court should dismiss this case.

## II. FACTUAL BACKGROUD

**A.    General Background**

1. On April 30, 2015, the Debtor filed a pro se petition for relief under chapter 11 of the Bankruptcy Code (the "Petition"). ECF Doc. No. 1.

2. The Petition was executed by Irma Hernandez, attorney-in-fact, on behalf of Carolyn Gonzalez. Id.

3. According to Page 1 of the Petition, the Debtor is a corporation. ECF Doc. No. 1. Further, Page 1 indicates that the Debtor is a "tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). Id.

4. Attached to the Petition was a list of creditors. ECF Doc. No. 1.

5. To date, the Debtor has failed to file the following required documents: Summary of Schedules; Schedules A-H; Statement of Financial Affairs; Statement of Operations; a list of Largest Unsecured Creditors; Balance Sheet; Cash Flow Statement; a List of Equity Holders; federal tax returns; and a corporate ownership statement.

6. To date, no legal counsel for the Debtor has filed a Notice of Appearance in the case.

# III.
# DISCUSSION

A.  **The Governing Law**

As amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010), section 1112(b)(1) of the Bankruptcy Code states, in pertinent part:

> the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for dismissal.  In re FRGR Managing Member, LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).  The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. Id.; see also In re Gucci, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that the Bankruptcy Court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. § 1112(b)(1)–(10) for finding cause.").  The burden of demonstrating such cause rests with the moving party.  In re BHS & B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); In re Ameribuild Const. Mgmt., Inc., 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

B.  **The Debtor Has Failed to Retain Counsel**

A corporation, or other artificial entity, may appear in the federal courts only through licensed counsel.  Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation involved in a legal proceeding must be represented by counsel); In re BSL Operating Corp., 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986) (noting that the pro se filing of a Chapter 11 petition by a corporation is impermissible); Fed. R. Bankr. P. 9010, Advisory Committee Note

3

(stating that the rule does not purport to change prior holdings prohibiting a corporation from appearing pro se, (citing In re Las Colinas Development Corp., 585 F.2d 7 (1st Cir. 1978)).  In the present matter, the Debtor failed to retain counsel.  In addition to the legal authority cited above, as a practical matter, the Court should not permit the Debtor to remain in chapter 11 without retaining counsel.  Given the significant reporting and disclosure requirements of a small business chapter 11 debtor, it is unlikely that the Debtor, without legal counsel, could effectively and efficiently confirm a chapter 11 plan that maximizes the value to creditors.  For these reasons, the United States Trustee believes that it is in the best interests of creditors dismiss this case.

**C.     The Debtor Has Failed to File Schedules, Statements, and Other Required Documents**

Section 1112(b)(4)(F) establishes that cause exists where there is an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . . ." 11 U.S.C. §§ 1112(b)(4)(F).  Upon the filing of a bankruptcy petition, or within fifteen days thereafter, a debtor must file schedules of assets and liabilities and statement of financial affairs.  See 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b)(1).

Here, the Debtor has failed to file the following required documents: Summary of Schedules; Schedules A-H; Statement of Financial Affairs; Statement of Operations; a list of Largest Unsecured Creditors; Balance Sheet; Cash Flow Statement; a List of Equity Holders; federal tax returns; and a corporate ownership statement.  Accordingly, cause to dismiss the case.

4

## IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case, pursuant to 11 U.S.C. 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      May 20, 2015

                                      Respectfully submitted,

                                      WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE, REGION 2

By:    /s/ Brain S. Masumoto
         Brian S. Masumoto
         Trial Attorney
         U.S. Department of Justice
         Office of the United States Trustee
         U.S. Federal Office Building
         201 Varick Street, Room 1006
         New York, NY 10014
         Tel. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
In re                                               :    Chapter 11
                                                    :
God's Chariots To The Heavenly Highway,             :    Case No. 15-11134 (MG)
                                                    :
                            Debtor.                 :
                                                    :
------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASE

Based upon the hearing held before this Court and the motion of William K. Harrington, the United States Trustee for Region 2, and it appearing that appropriate notice has been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

ORDERED, under 11 U.S.C. § 1112(b), that this case is hereby dismissed;

ORDERED, that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717 within ten (10) days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated:  New York, New York
        _____, 2015


                                                    _____
                                                    HONORABLE MARTIN GLENN
                                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re

God's Chariots To The Heavenly Highway,

                Debtor.

-----------------------------------------------------------

Case No. 15-11134 (MG)

(Chapter 11)

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK    )
                                   : ss
COUNTY OF NEW YORK  )

      I, Joseph T. Nadkarni, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on May 20, 2015, I caused to be served a copy of the Notice of Motion, the Memorandum of Law of the U.S. Trustee in Support of Motion for an Order Dismissing this Chapter 11 (the "Motion"), and the [proposed] Order Dismissing Chapter 11 Case, by regular mail upon each of the parties listed on the attached service list by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the City of New York and State of New York.

Dated: New York, New York

                                                     /s/ Joseph T. Nadkarni
                                                   Joseph T. Nadkarni, CFA
                                                   Senior Bankruptcy Analyst

## SERVICE LIST

God's Chariots To the Heavenly Highway
862-844d St. Ann's Avenue
Bronx, New York 10467

New York City Water Board
Department of Environmental Protection
Andrew Rettig, Assistant Counsel
59-17 Junction Blvd, 13th Floor
Flushing, New York 11373-5108