ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                    Case No.: 15-11134-MG
HIGHWAY,

                        Debtor.                    Chapter 11

-------------------------------------------------------X

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF
ORTIZ & ORTIZ, L. L.P., AND AUTHORIZING PAYMENT OF A
THIRD PARTY POST-PETITION RETAINER**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE;

     God's Chariots to the Heavenly Highway (the "Debtor"), by its proposed attorneys Ortiz

& Ortiz, L.L.P. ("O &O"), respectfully represents:

**BACKGROUND**

     1.     The Debtor filed a voluntary chapter 11 petition on April 30, 2015, without the

assistance of counsel.

     2.     The Debtor is a religious corporation that was formed in early 2014.  It holds title

to the property known as 844 St. Ann's Avenue in Bronx County (the "Property").  The Property

1

has eight commercial units.  Four of the units are occupied by the Debtor, and two units are
rented to commercial tenants.

3.      The Property is unencumbered by a mortgage loan.  The Debtor's primary
financial difficulties have arisen from, among other things, that fact this it is generating
insufficient revenue to meet its operating expenses.  It intends to increase its revenue and satisfy
its outstanding debt in full.

4.      The Debtor entered into a retainer agreement with O & O on July 9, 2015, that
embodied the terms of an agreement discussed in May and June 2015.   The retainer agreement
was conditioned upon the Debtor's payment of a $15,000 retainer to O & O from third party
funds, or from the Debtor, and the Court's approval.   The Debtor provided, through an unrelated
third party, a post-petition $5,000 payment towards that retainer pursuant to the agreement.  That
payment has been placed in O & O's escrow account.

## RELIEF REQUESTED

A.      <u>Retention as Bankruptcy Counsel</u>

5.      Subject to the Court's approval, the Debtor has retained O & O as its bankruptcy
counsel to prosecute and complete its chapter 11 case.  Pursuant to 11 U.S.C. § 327(a) of, the
Debtor requests that the Court approve the employment of O & O as its attorneys to perform the
legal services necessary to consummate its chapter 11 case.  Since O & O began rendering
limited services to the Debtor on or about June 3, 2015, O & O requests that the Court authorize
its retention as of that date.

6.      O & O anticipates rendering the following services to the Debtor:

a)   perform all necessary services as Debtor's counsel that are related to

the Debtor's reorganization and the bankruptcy estate;

(b)   assist the Debtor in protecting and preserving the estate assets during

the pendency of the chapter 11 case, including the prosecution and defense

of actions and claims arising from or related to the estate and/or the

Debtor's reorganization;

(c)   prepare all documents and pleadings necessary to ensure the proper

administration of its case; and

(d)   perform all other bankruptcy-related necessary legal services.

7.      The Debtor believes that O & O is qualified to represent its interest and the

interests of the estate.  Norma E. Ortiz, the partner responsible for the case, has over twenty

years of Chapter 11 bankruptcy law experience in the public and private sectors.  O & O is

willing to act in this case and render the necessary professional services as attorneys for the

Debtor.

8.      Based on the Declaration of Norma E. Ortiz annexed hereto as Exhibit A, O & O

does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O

& O is to be employed, and O & O is "disinterested" as the term is defined in the Bankruptcy

Code.

9.      O & O intends to apply to the Court for the allowance of compensation and

reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code,

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and

orders of the Court.

3

10.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the

local rules and orders of the Court, the Debtor proposes to pay O & O its customary hourly rates

as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

B.     Terms of Retention

11.     Annexed hereto as Exhibit B is a copy of the retainer agreement entered into

between the Debtor and O & O.  The retainer agreement provides that O & O shall receive a

general retainer, as that term is defined in In re King, 392 B.R. 62 (Bankr. S.D.N.Y. 2008)[1].

Such a retainer is earned when paid but is subject to the restrictions of the applicable provisions

of the Bankruptcy Code, such as Section 328, 329, 330 and 331, and the Federal Rules of

Bankruptcy Procedure.   The retainer was paid to O & O from non-estate assets from a friend and

consultant of the Debtor's president, who is not a creditor of the Debtor.  A copy of a

Declaration from the third party is annexed as Exhibit C.

12.     O & O asserts that the terms of its retention are reasonable under Section 328 and

should be approved.  Applying the factors often considered by the courts when determining,

among other things, the propriety of a post-petition retainer agreement for debtor's counsel

supports a finding that the terms are reasonable and should be approved.  See, e.g., In re Truong,

259 B.R. 264 (Bankr. N.J. 2001).  Those factors include (1) the retainer's economic impact on

debtor's ongoing business operation, (2) the retainer's economic impact on debtor's ability to

reorganize, (3) the amount and reasonableness of the retainer, (4) the reputation of debtor's

---

[1] O & O recognizes that a post-petition retainer may not fall within the definition of a
general retainer under state law as a result of the Debtor's bankruptcy filing.  The agreement is
meant to comply with applicable federal law in all respects, and O & O does not seek approval of
any term that is not consistent with applicable law.

4

counsel, and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the court determine that the fees paid to counsel are not justified.

13.     Applying these factors to the instant case supports a finding that the relief sought herein should be granted.  O & O – and most experienced bankruptcy counsel – will not undertake the representation of a Chapter 11 debtor without the payment of a retainer that is available to pay all or a portion of the professional fees approved by the Court.  Since the retainer paid to date is not from the Debtor's estate, and is of a relatively nominal amount, it should not have an economic impact upon the Debtor's ongoing financial affairs.  The amount of the retainer and hourly rates charged by O & O are average or below the amount typically sought in Chapter 11 cases in this district.  O & O has successfully prosecuted Chapter 11 cases previously and has demonstrated competence in such cases.  Finally, if O & O were required to disgorge the retainer, it has the financial ability to do so.  For these reasons, O & O and the Debtor request that the Court approve the terms of O & O's retention as set forth in the annexed retainer agreement.

14.     No previous application for the relief requested herein has been made to this or any other court.


[Remainder of Page Left Intentionally Blank]


5

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
      July 10, 2015

_S/Norma Ortiz_
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
32-72Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117

# Exhibit A

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                     Case No.: 15-11134-MG
HIGHWAY,

       Debtor.      Chapter 11

-------------------------------------------------------X

**DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ.,
IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.**

  Norma E. Ortiz, states as follows:

  1.  I am an attorney at law admitted to practice before this Court and a member of the

firm Ortiz & Ortiz, L.L.P ("O & O").

  2.  I am the partner primarily responsible for the Debtor's case.  I have been involved

in numerous reorganization and consumer bankruptcy cases over the last 25 years and possess

the requisite experience and qualifications to serve as Debtor's counsel.

  3.  My firm has agreed to bill the Debtor at an hourly rate of $350 an hour for

partners and $250 an hour and below for associates and attorneys serving as of counsel to my

firm.   We bill our paralegals time at $85 an hour and below.   Our partners bill non-bankruptcy

clients between $350 and $450 an hour, depending on – among other things – the complexity of

the matter.  Photocopying charges shall be billed at five cents a page; only long distance calls

and faxes shall be billed to the estate.  Any costs incurred by third party vendors will be billed to the estate at O & O's cost.

4.      The Debtor has consented to our retention under a general retainer under these terms.

5.      I know of no reason why O & O is not qualified to represent the Debtor in this case.  The firm had no prior connection to the Debtor before it was first consulted regarding the the Debtor's financial difficulties in early 2015.

6.      Other than the foregoing, O & O neither represents nor has any connection to any creditor or party in interest of the Debtor, other than in the ordinary course of its business.

7.      I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

8.      O & O received a payment from Manuel Vidal on June 4, 2015, for $5,000 that has been placed in escrow, pending the Court's approval.

9.      Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure.   Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor is subject to the Court's approval for, among other things, reasonableness – regardless of the source of funds paid to my firm.

10.      My firm has not agreed to share compensation with any other person or entity.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: July 10, 2015
Astoria, New York

_S/Norma Ortiz_
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Brooklyn, New York 11103
Tel. (718) 522-1117

# Exhibit B

## ORTIZ & ORTIZ, L.L.P.

Attorneys at Law
32-72 Steinway Street, Suite 402
Astoria, New York 11103

Frank A. Ortiz
Norma E. Ortiz*

Martha J. de Jesus*
* (Admitted in New York and New Jersey)

Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com

## RETAINER AGREEMENT

Between

God's Chariots to Heaven's Highway

and
Ortiz & Ortiz, L.L.P.

Date: June 19, 2015

Type of Case: Chapter 11 Case

You have asked us to represent you in prosecuting a Chapter 11 proceeding on your behalf. We agreed to do so under the following terms:

A.    *Retainer*

We requested, and you agreed, to provide my firm with an initial retainer of $15,000 to assist you with your pending chapter 11 case.

Subject to the bankruptcy court's approval, you have agreed to pay, and we have agreed to accept, a classic retainer, as that term is defined in In re King, 392 B.R. 62 (Bankr. S.D.N.Y. 2008). A classic retainer is earned by my firm upon payment and ensures my firm's availability to represent you. The retainer is not used to guarantee payment of future services. You retain no interest in a classic retainer. However, any fees paid to us are subject to a review for reasonableness by the Bankruptcy Court.

Since the payment of this retainer shall be made after you filed your bankruptcy case, the state law rules governing retainers may be modified by the applicable bankruptcy law. If that is the case, the applicable bankruptcy law will govern the nature of our interest in and right to the funds paid to us as a retainer.

B.    *Scope of Representation*

Page 1 of 5

We have agreed to provide you with the legal representation necessary to prosecute your Chapter 11 case to fruition, including assisting you with obtaining orders; preparing schedules and related documents, taking all actions necessary to protect the debtor's assets and resolve the liabilities asserted against it; and filing and prosecuting a plan of reorganization. No other services are covered by this agreement.

All of our services in this matter will end, unless otherwise agreed upon in a writing signed by us, when there is a final agreement, settlement, decision, or judgment by the court in connection with your Chapter 11 case. A Chapter 11 case is concluded by confirmation of a plan of reorganization, dismissal of the case, or conversion of the case to a Chapter 7 case. Our services will conclude when one of those events occurs. If you require services thereafter, they will be subject to a separate agreement.

C.     *The Importance of Operating Reports and Compliance With Legal Duties*

Chapter 11 of the Bankruptcy Codes imposes many duties upon you when operating your business or affairs. They include the requirement that you file monthly operating reports that reflect all income received and expenses incurred. These reports must be prepared by you or a professional, such as an accountant. We are not qualified to prepare these reports: you must arrange to have them prepared or the court may dismiss your case.

You will be required to, among other things,

- maintain insurance to protect your assets at all times;
- pay all operating expenses as they become due;
- refrain from paying any debt incurred prior to the bankruptcy filing;
- refrain from borrowing money or selling assets without court approval;
- pay all post-petition secured claims, such as mortgage and car loan claims;
- if you are a party to a lease, and intend to keep the lease, remain current on those payments; and
- pay all of your taxes as they become due.

This is not an exclusive list. If you are unsure of your responsibilities, please contact us as soon as possible.

D.     *No Guarantee of Success*

As we informed you, we can not guarantee a successful outcome in your case. Chapter 11 cases are complex and influenced by many factors beyond our control. For example, your plan of reorganization must be approved by your creditors. If they reject your plan, we can not successfully conclude your case.

E.     *Loyalty of the Firm*

As counsel to the Debtor-in-Possession, we are duty bound to serve as a fiduciary for the bankruptcy estate and creditors, and may not represent your interests without considering these other interests.

F.     *(1) Fees, Expenses and Billing Practice*

We shall bill the Company on an hourly basis as follows:

$350 per hour for partner Norma Ortiz

$250 per hour, or less, for associates and attorneys serving as contract attorneys to our firm

$75 per hour for paralegal services

Norma Ortiz will be the lawyer primarily responsible for your case.

Expenses shall include, but shall not be limited to, transcripts of testimony, photocopying, mailings, overnight mail charges, telephone and facsimile transmissions, and messenger service. All expenses will be billed at the cost incurred by our firm.

*(2) Use of Other Attorneys*

You will be required to attend a meeting of creditors and may be required to attend numerous court hearings. The date set for a meeting or hearing is often determined by the bankruptcy court or another party and may be beyond our control. It is not uncommon for our firm, and most others, to experience scheduling conflicts that require the use of other attorneys to attend these meetings. We regularly use attorneys Rachel Blumenfeld, Daniel O'Hara, Bryant Roman, Ward Saxton, and Leitha Ortiz for these matters when they are available. All of these attorneys have bankruptcy experience and are fully competent to represent you in such a meeting or court hearing. You understand and agree that we may utilize their services to attend a hearing or meeting.

G.     *Arbitration*

Typically, in a non-bankruptcy case, if a dispute arises between us relating to our fees, you would have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request. This right may be modified by the provisions of the Bankruptcy Code. All fees paid to professionals in a bankruptcy case are subject to the court's approval.

F.     *Delay in Payment as Excusing Services*

In the event any court-awarded bills remain unpaid for more than 15 days after receipt by you, we shall have the right to request to withdraw as your counsel. Moreover, if we do not receive the retainer as agreed, we shall request to withdraw as counsel.

G.    *Termination of Agreement*

Subject to applicable bankruptcy and state law, either of us shall have the right to terminate this agreement at any time upon notification in writing to the other. Upon such termination, you shall remain responsible for any unpaid legal services rendered at a rates set forth above and any costs advanced by us. You agree to execute, upon request, a stipulation in such form as to permit us to withdraw as your attorneys of record in any legal action then pending.

H.    *Action to Enforce Payment*

In the event it is necessary for our law firm to file legal action to enforce this Agreement, the prevailing party in such action shall be entitled to recover all costs and expenses incurred in connection with such legal action, including reasonable attorneys' fees and court costs.

**If you do not understand any portion of this agreement or do not agree with all of its terms, please do not sign it.**

Ortiz and Ortiz, L.L.P.

Norma E. Ortiz, Partner

I have read this agreement in full.
I understand this agreement.
I agree to all of the terms of this agreement.

## STATEMENT OF CLIENT'S RIGHTS

You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.

You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory.

You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.

You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.

You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some matters).

You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.

You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.

You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

God's Chariots To The Heavenly Highway          Case No. 15-10847


                            Debtor.              Chapter 11
-------------------------------------------------------X

### DECLARATION OF THIRD PARTY REGARDING RETAINER

Manny Vidal declares as follows:

1.       I am a personal friend of Irma Hernandez, an officer of the Debtor in possession.
I am also interested in investing in the debtor.

2.       I have paid Ortiz & Ortiz, L.L.P., a portion of a retainer, in the amount of $5,000
from my personal funds.  I have provided these funds as a result of my agreement with Ms.
Hernandez.  This payment is conditioned upon the Court's approval of Ortiz & Ortiz's retention
as debtors' counsel under the terms and conditions agreed to between Ortiz & Ortiz and the
Debtor.

3.       I fully understand that my payment of these funds does not create any relationship
or obligation between the law firm and I.  Ortiz & Ortiz's loyalty lies solely with the Debtor's
bankruptcy estate.  I also understand that I may not seek repayment of the gift.

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: June 4, 2015

                            _____
                            Manny Vidal

# Proposed Order

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                          Case No.: 15-11134-MG
HIGHWAY,

                                    Debtor.                    Chapter 11

-----------------------------------------------------X

### ORDER PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTOR

Upon the application (the "Application") of God's Chariots to the Heavenly Highway (the "Debtor"), as debtor and debtor in possession, dated July 10, 2015, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as its attorneys under a general retainer; upon the Declaration of Norma E. Ortiz, Esq., a member of the firm of O & O; it appearing that the members of O & O are admitted to practice before this Court;  the Court being satisfied that O & O represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to

the United States Trustee, and it appearing that no other or further notice need be given;

sufficient cause appearing therefore, it is

ORDERED, that the Application is granted in all respects; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is

authorized to employ O & O as its attorneys under the terms and conditions set forth in the

Application; and it is further

ORDERED, that the payment of the post-petition retainer by the Debtor, or a third party

on the Debtor's behalf, to O & O is approved.  Such funds shall be held in escrow until the Court

enters an order awarding compensation and permitting payment to O & O pursuant to 11 U.S.C.

§§ 330 and 331.


Dated: New York, New York
            , 2015

                                                            _____
                                                            MARTIN GLENN
                                                            U.S. BANKRUPTCY JUDGE


NO OBJECTION:


_____
Office of the United States Trustee