ORTIZ & ORTIZ, L.L.P.  
32-72 Steinway Street, Ste. 402  
Astoria, New York  11103  
Tel. (718) 522-1117  
Fax (718) 596-1302  
email@ortizandortiz.com  
Norma E. Ortiz  
Martha J. de Jesus  
*Counsel to the Debtor-in-Possession*

Hearing Date: August 4, 2016  
Hearing Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
--------------------------------------------------------X

In re:

GOD'S CHARIOTS TO THE  
HEAVENLY HIGHWAY,

                      Debtor.  
--------------------------------------------------------X

Chapter 11

Case No. 15-11134-MG

## NOTICE OF DEBTOR'S MOTION FOR AN ORDER GRANTING THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

**PLEASE TAKE NOTICE**, that upon the annexed motion (the "Motion") of the above captioned Debtor and Debtor-In-Possession (the "Debtor"), the undersigned will move this Court before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, Courtroom 523, New York, New York, 10004, on the 4th day of August, 2016, at 3:00 p.m. for the entry of an order voluntarily dismissing this Chapter 11 case pursuant to Bankruptcy Code § 1112(b)(1) together with such other and further relief as is just, proper and equitable under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov.  If you do not have the ability to file an objection

electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved in .pdf format.  A copy of the objection must be provided to (a) the Chambers of the Honorable Martin Glenn, (b) Debtor's counsel, at the address listed below, and (c) all parties filing Notices of Appearance, so as to be received no later than seven (7) days prior to the hearing.  The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated:  Astoria, New York
   July 13, 2016

                    *S/Norma E. Ortiz*
                    Norma E. Ortiz, Esq.
                    Martha J de Jesus, Esq.
                    ORTIZ & ORTIZ, L.L.P.
                    3272 Steinway Street, Ste. 402
                    Astoria, New York 11103
                    Tel. (718) 522-1117
                    Counsel for the Debtor

ORTIZ & ORTIZ, L.L.P.
3272 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax (718) 408-9579
email@ortizandortiz.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

GOD'S CHARIOTS TO THE
HEAVENLY HIGHWAY,

                Debtor.
---------------------------------------------------------X

Chapter 11

Case No. 15-11134-MG

## DEBTOR'S MOTION FOR AN ORDER GRANTING
## THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    God's Chariots to the Heavenly Highway (the "Debtor"), by its attorneys Ortiz & Ortiz, LLP, respectfully submits this motion for the entry of an order voluntarily dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1), together with such other and further relief as is just, proper and equitable under the circumstances (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

### BACKGROUND

1.     The Debtor filed a voluntary chapter 11 petition on April 30, 2015.

2.     No official committee of unsecured creditors has been appointed in this case.

3.     The Debtor was formed as a religious corporation. However, it did not begin to provide religious services until May 2015. Its primary asset is a commercial building located at

862 St. Ann's Avenue, Bronx, New York.

4.   The Debtor filed its petition without counsel for the primary purpose of seeking additional time to address the real estate tax claims that had accrued against it. The Debtor has no mortgage loan debt, and its creditors consist primarily of unpaid real estate taxes, water bills, and some taxes. The Debtor estimates that it owes less than $400,000 to all of its creditors. That amount includes no less than $224,000 due to NYCTL 2015-A Trust for real estate taxes. The Debtor's creditors consist of

- An unsecured claim of an individual for $22,000
- the secured claim of NYCTL 2015-A Trust
- the secured claim of the N.Y.C. Water Board for $7,804
- the priority claim filed by the I.R.S. for $5,068

5.   New York City has assessed the Debtor's property as having a value of $1,860,000. A copy of the City's valuation is annexed as Exhibit A. The Debtor believes that the property has greater value, but is confident that the property will permit the full payment of all claims of creditors.

6.   NYCTL 2015-A Trust recently moved the Court for an order granting it relief from the automatic stay. The Debtor did not oppose the motion, and has determined to pay its creditors through a sale or refinance of its property.

**RELIEF REQUESTED**

7.   By this Motion, the Plaintiff seeks entry of an order dismissing its Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1). That section provides in relevant part that the Court is granted authority to dismiss a Chapter 11 proceeding if dismissal is in the best interests of creditors and the estate and the movant establishes cause for such a dismissal. See In re BH S &

2

B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).  The Court has discretion in determining whether dismissal or conversion is appropriate.  Id. (citing In re Ameribuild Const. Mgmt., Inc., 399 B.R. 129, 131 n. 3 (Bankr.S.D.N.Y.2009)).  Some factors the court may consider are:

- a.  Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
- b.  Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
- c.  The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
- d.  In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
- e.  Whether any remaining issues would be better resolved outside the bankruptcy forum.

In re BH S & B Holdings at 346-47.

8. The Debtor seeks the dismissal of the case because it believes that a sale or refinance outside of the protection of the court will bring greater value, and will undoubtedly permit it to pay its creditors in full.  The Debtor has not generated enough revenue to fund a plan of reorganization, and has been unable to secure a source of financing while in Chapter 11.  See, e.g., In re East 81st, LLC, 2014 Bankr. LEXIS 1024 (Bankr. S.D.N.Y. 2014) (finding the Debtor's inability to operate a profitable business constitutes cause under Section 1112(b) todismiss case).  All but one of the Debtor's creditors holds a secured or priority claim, and shall

3

be paid through the sale or refinance of the property. The Debtor intends to pay all of its creditors in full, as soon as possible, once it secures a source of funding.

9. Under these circumstances, the factors that tend to militate in favor of conversion to a Chapter 7 case, as opposed to dismissal, are not present. Since the Debtor has such a small creditor body, there are no preferential payments it is aware of; there are no other assets that would be reached by a Chapter 7 Trustee; and there are no rights that might be lost as a result of the dismissal. The Debtor's primary creditor, NYCTL 2015-A Trust, has obtained relief from the automatic stay and may proceed to protect its interests before the state court. Moreover, given the amount of equity in the property, any foreclosure sale should result in payment of all liens against the property and a return of surplus to the Debtor. For these reasons, the Debtor asserts that cause exists to dismiss its case pursuant to Section 1112.

10. Debtor served notice of this Motion upon all parties in interest and known creditors of the Debtor.

WHEREFORE, the Debtor respectfully requests that the Court dismiss this Chapter 11 case and grant any other and further relief as is just and proper under the circumstances.

Dated: Astoria, New York
July 13, 2016

                        **ORTIZ & ORTIZ, LLP**

                        *S/ Norma Ortiz*
                        Norma E. Ortiz, Esq.
                        Martha J. de Jesus, Esq.
                        ORTIZ & ORTIZ, L.L.P.
                        3272 Steinway Street
                        Suite 402
                        Astoria, NY 11103
                        Tel. (718) 522-1117
                        Counsel to Debtor-in-Possession

**EXHIBIT A**

# FINAL ASSESSMENT ROLL 2016-2017 | City of New York

**Taxable Status Date:** January 5, 2016

**EXPLANATION OF ASSESSMENT ROLL**

View May 25, 2016 - Market Value History
View January 15, 2016 - Market Value History
View 2016 TENTATIVE ASSESSMENT ROLL
View May 25, 2015 - Market Value History
View 2015 FINAL ASSESSMENT ROLL
View 2015 TENTATIVE ASSESSMENT ROLL
View January 15, 2015 - Market Value History
View 2014 FINAL ASSESSMENT ROLL
View May 25, 2014 - Market Value History
View 2014 TENTATIVE ASSESSMENT ROLL
View January 15, 2014 - Market Value History
View 2013 FINAL ASSESSMENT ROLL
View May 25, 2013 - Market Value History
View January 15, 2013 - Market Value History
View 2013 TENTATIVE ASSESSMENT ROLL
View May 25, 2012 - Market Value History
View 2012 FINAL ASSESSMENT ROLL
View 2012 TENTATIVE ASSESSMENT ROLL
View 2011 FINAL ASSESSMENT ROLL
View May 25, 2011 - Market Value History
View January 15, 2011 - Market Value History
View 2011 TENTATIVE ASSESSMENT ROLL
View May 25, 2010 - Market Value History
View 2010 FINAL ASSESSMENT ROLL
View 2010 TENTATIVE ASSESSMENT ROLL
View 2009 FINAL ASSESSMENT ROLL
View 2008 FINAL ASSESSMENT ROLL
View 2007 FINAL ASSESSMENT ROLL
View 2006 FINAL ASSESSMENT ROLL

## Parcel Information          ◂◂ Previous BBL           Next BBL ▸▸

**Owner Name:**
GOD'S CHARIOTS TO THE HEAVENLY HWY

**Property Address and Zip Code:**        **Borough:**      BRONX
844 ST ANNS AVENUE 10456                  **Block:**        2619
**Real Estate Billing Name and Address:** **Lot:**          10
GOD'S CHARIOTS TO THE HEAVENLY HWY
850 SAINT ANNS AVE                        **Tax Class:**    4
BRONX NY 10456                            **Building Class:** O5 Codes

## Land Information

| Lot Size | Irregular | Corner |
|---|---|---|
| 166.00FT X 58.00FT | IRREG | SE |

## Building Information

| Number of Buildings | Building Size | Extension | Stories |
|---|---|---|---|
| 1 | 150.00FT X 52.00FT | | 3 |

## Assessment Information

| Description | Land | Total |
|---|---|---|
| ESTIMATED MARKET VALUE | | 1,860,000 |
| ACTUAL AV | 169,200 | 837,000 |
| ACTUAL EX AV | 0 | 0 |
| TRANS AV | 122,220 | 557,820 |
| TRANS EX AV | 0 | 0 |

## Taxable/Billable Assessed Value

| | Assessed Value |
|---|---|
| SUBJECT TO ADJUSTMENTS, YOUR 2016/17 TAXES WILL BE BASED ON | 557,820 |

**Property is assessed at the following uniform percentages of full market value, unless limited to a lesser amount by law:**

| Class 1 - 6% | Class 2 - 45% | Class 3 - 45% | Class 4 - 45% |

Statements List | Select a BBL | Logon to NYCProperty

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE
HEAVENLY HIGHWAY,

                        Debtor.

---------------------------------------------------------X

                Chapter 11

                Case No. 15-11134-MG

## ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 1112(b)

Upon the Motion to Dismiss Chapter 11 Case filed by God's Chariots to the Heavenly Highway (the "Debtor") dated July 13, 2016 (the "Motion"); a hearing having been held on the Motion on August 4, 2016; proper notice having been given, and cause having been shown for the relief requested, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Chapter 11 case commenced by the above-captioned Debtor is hereby dismissed pursuant to 11 U.S.C. § 1112(b); it is further

**ORDERED**, that the Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717 within twenty (20) days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: New York, New York
         August    , 2016

                                                    HON. MARTIN GLENN
                                                    U.S. BANKRUPTCY JUDGE